**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Leonard Montour

    v.                                   Civil No. 11-cv-369-SM

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility


**O R D E R**


    Before the court is the petition for writ of habeas corpus
(doc. no. 1), filed by counsel on behalf of petitioner, Leonard
Montour.  The matter is here for preliminary review to determine
whether or not the claims raised in the petition are facially
valid and may proceed.  See Rule 4 of the Rules Governing
Section 2254 cases in the United States District Courts ("§ 2254
Rules").


**Standard of Review**

    Pursuant to § 2254 Rule 4, a judge is required to promptly
examine any petition for habeas relief, and if "it plainly
appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court, the
judge must dismiss the petition."  Id.  In undertaking this
initial review, the court applies a standard analogous to that

used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim that is plausible on its face, that is cognizable in a petition for federal habeas relief, and that is not susceptible to a sua sponte dismissal.  See Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991) (habeas petition was properly dismissed sua sponte, where petitioner's arguments were readily resolved without resort to transcript, and district court had access to pertinent documents filed with petition including parties' state court briefs and state court decision); see also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (standard of review applicable in determining if complaint states viable claims); cf. Day v. McDonough, 547 U.S. 198, 209-10 (2006) (holding that, as with exhaustion, district court may sua sponte raise statute of limitations and dismiss habeas petition, after providing parties with notice and opportunity to respond).

**Background**

The facts and underlying procedural history of the underlying criminal case are clearly stated in the petition (doc. no. 1) and the exhibits thereto.  The following is a brief summary.

This case arises from charges that Montour had sexual contact with Lisa, a minor.  One defense theory was that Lisa was obsessed with Montour, that her affection for him was unrequited, and that the charges were vindictive.

Montour was tried twice on the charges.  The first trial ended in a hung jury and a mistrial.  The second trial resulted in a conviction on all counts and a prison sentence for Montour.

Between the first and second trials, Montour and his fiancée received a series of harassing and threatening phone calls.  Believing that Lisa was behind the calls, Montour contacted the police.  The police investigated the charges, and while the investigation was open, refused to provide Montour's counsel with copies of the police reports.

Montour filed a motion to obtain a copy of the police reports in the second criminal trial.  The trial judge reviewed the reports in chambers, denied the motion for disclosure, and retained the reports under seal as part of the record.  The trial court also denied Montour's request to cross-examine Lisa about the threatening and harassing phone calls.  Counsel subsequently obtained a copy of the reports from the police, and learned that Lisa had initially lied to the police about the calls.

Montour filed a timely direct appeal of his convictions in the New Hampshire Supreme Court, raising claims including those asserted in this petition (doc. no. 1).  The NHSC affirmed the convictions in a decision issued September 14, 2010.  See State v. Montour, No. 2009-0313 (N.H. Sept. 14, 2010).

Montour, through counsel, filed the instant petition for federal habeas relief in July 2011.  The petition asserts the following claims[1]:

1.   Montour suffered a violation of his right to due process under the Fourteenth Amendment when the trial judge, after conducting an in camera review, denied Montour's request for disclosure of police reports showing that the complaining witness had lied to the police.

2.   Montour suffered a violation of his Sixth Amendment right to confrontation when the trial judge restricted his cross-examination of the complaining witness regarding a matter relating to her bias, motive to fabricate, and general credibility.

## Discussion

I.   Custody

To be eligible for habeas relief on his federal claims, Montour must show that he is in custody in violation of his federal constitutional or statutory rights.  See 28 U.S.C.

---

[1] The claims identified herein shall be considered to be the claims asserted in the petition (doc. no. 1).  If Montour disagrees with this identification of the claims, he must properly file a motion for reconsideration of this Order, or a motion to amend the petition.

§ 2254(a).  Here, Montour's imprisonment pursuant to the
challenged convictions satisfies the custody requirement.  His
claims in the petition, asserting violations of his Fourteenth
Amendment due process right to obtain exculpatory or impeachment
information and his Sixth Amendment right to confront a witness,
are both potentially cognizable in a § 2254 petition.  See
generally Lavallee v. Coplan, 374 F.3d 41, 46 (1st Cir. 2004)
(under Pennsylvania v. Ritchie, 480 U.S. 39, 58 (1987), Brady v.
Maryland, 373 U.S. 83 (1963), and Fourteenth Amendment, trial
judge was obligated to review in camera confidential agency
files to determine if they contained exculpatory material that
probably would have changed outcome of defendant's trial);
United States v. Gonzalez-Vazquez, 219 F.3d 37, 45 (1st Cir.
2000) ("The Confrontation Clause of the Sixth Amendment secures
a right to cross-examination in order to test 'the believability
of a witness and the truth of his testimony.'" (citation
omitted)).

II.  Exhaustion

       To be eligible for relief on his federal claims in a § 2254
petition, a petitioner must show that he has exhausted the
remedies available to him in the State courts on those claims,
or that State corrective processes are unavailable or

                                     5

ineffective to protect his rights.  See 28 U.S.C. § 2254(b)(1).
A petitioner's remedies in New Hampshire are exhausted when the
NHSC has had an opportunity to rule on the claims.  See Lanigan
v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).  "In order to
exhaust a claim, the petitioner must 'present the federal claim
fairly and recognizably' to the state courts, meaning that he
'must show that he tendered his federal claim in such a way as
to make it probable that a reasonable jurist would have been
alerted to the existence of the federal question.'"  Clements v.
Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations
and citation omitted).

The exhibits to the petition amply support Montour's
assertion that he briefed before the NHSC each federal claim
asserted in the § 2254 petition.  See Def.'s Br., at 25-26 & n.4
(doc. no. 1-3, at 31-32 & n.4) (citing Fourteenth Amendment due
process standard and federal cases); Def.'s Br. at 28-29 (doc.
no. 1-3, at 34-35) (citing Sixth Amendment confrontation clause
and federal cases).  The court finds that Montour has
demonstrated that he has exhausted his state remedies as to each
federal claim in the petition.  Accordingly, the petition may
proceed at this time.

Conclusion

The petition (doc. no. 1) shall be served upon Larry Blaisdell, Warden of the Northern New Hampshire Correctional Facility, who shall file an answer or other pleading in response to the allegations made therein.  See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, electronic copies of this Order and the habeas petition, with the exhibits attached thereto (doc. no. 1).

The Warden shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such

service is to be made by mailing the material to the parties'
attorney(s).

     SO ORDERED.

                        _____
                        Landya McCafferty
                        United States Magistrate Judge

August 4, 2011

cc:  Andrew R. Schulman, Esq.

LBM:nmd

8